SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
FRANK FALZETTA, Cal. Bar No. 125146
ffalzetta@sheppardmullin.com
BRENDA BISSETT, Cal. Bar No. 116642
bbissett@sheppardmullin.com
DAVID DWORSKY, Cal. Bar. No. 272167
ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF
AMERICA

PARRIS LAW FIRM
JASON P. FOWLER, Cal. Bar No. 239426
jfowler@parrislawyers.com
DANIEL ELI, Cal. Bar No. 192019
deli@parrislawyers.com
43364 10th Street West
Lancaster, CA 93534
Telephone:  661.949.2595
Facsimile:   661.949.7524

Attorneys for Plaintiffs
CANDICE BRUNELLE and
SEAN BRUNELLE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE BRUNELLE and SEAN BRUNELLE,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA; and DOES 1 through 50, inclusive,<br><br>        Defendants.. | Case No. CV17-04725-ODW(AGRx)<br><br>**Judge**: Hon. Otis D. Wright<br>**Magistrate**: Hon. Alicia G. Rosenberg<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>DISCOVERY MATTER<br><br>Complaint Filed: May 9, 2017<br>Date Removed:   June 27, 2017<br>Trial Date:        July 31, 2018 |

-1-

STIPULATED PROTECTIVE ORDER

1    Plaintiffs, Candice Brunelle and Sean Brunelle (collectively,

2  "Plaintiffs"), and Defendant, Safeco Insurance Company of America ("Safeco"), by

3  and through their counsel of record, and under Rules 26(c) and 29(b) of the Federal

4  Rules of Civil Procedure and Local Rule 7-1, have entered into this stipulation, and

5  hereby request this Court's entry of the following Protective Order:

6

7                                        **I.**

8                       **PURPOSES AND LIMITATIONS**

9  **A.      Introduction.**

10   Discovery in this action is likely to involve production of confidential,

11  proprietary, or private information for which special protection from public

12  disclosure and from use for any purpose other than prosecuting this litigation may

13  be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

14  enter this Stipulated Protective Order.  The parties acknowledge that this Order does

15  not confer blanket protections on all disclosures or responses to discovery, and that

16  the protection it affords from public disclosure and use extends only to the limited

17  information or items that are entitled to confidential treatment under applicable legal

18  principles.  The parties also acknowledge, as set forth in Section II.K.3, that:

19  (1) this Stipulated Protective Order does not entitle them to file confidential

20  information under seal; and (2) Civil Local Rule 79-5 sets forth the procedures that

21  must be followed and the standards that will be applied when a party seeks

22  permission from the court to file material under seal.

23

24  **B.      Brief Statement of this Action.**

25   On May 9, 2017, Plaintiffs filed a Complaint against Safeco for

26  (1) breach of the implied covenant of good faith and fair dealing, and (2) breach of

27  contract, in the matter titled *Brunelle v. Safeco Insurance Company of America*,

28

1   originally filed in Los Angeles Superior Court, Case No. MC027125 (the

2   "Lawsuit"). Safeco removed the Lawsuit to this Court on June 27, 2017.

3         Plaintiffs are the parents of decedent Justin Brunelle, who was a

4   passenger in a vehicle driven by Gabriel Smith and owned by Gabriel's parents,

5   William and Beverly Smith, when the vehicle crashed on July 28, 2014 (the

6   "Accident"). Justin Brunelle, then 20 years old, died on August 2, 2014, as a result

7   of injuries sustained in the Accident.

8         At the time of the Accident, all of the Smiths were insured under

9   Safeco automobile policy number A2467289 (the "Policy"). Plaintiffs contend that

10  they made a Policy limits settlement demand to Safeco on August 21, 2014 (the

11  "Settlement Demand"), which Safeco did not accept. Plaintiffs thereafter filed a

12  wrongful death action against all of the Smiths. With Safeco's consent, Plaintiffs

13  and the Smiths settled that action in December of 2016 under the following terms:

14  (1) the dismissal of Plaintiffs' claims against William and Beverly Smith with

15  prejudice; (2) the entry of a $1.25 million judgment against Gabriel Smith (the

16  "Stipulated Judgment"); and (3) an assignment of Gabriel Smith's rights against

17  Safeco to Plaintiffs, in exchange for a covenant not to execute the Stipulated

18  Judgment against Gabriel Smith's assets. Plaintiffs then filed this Lawsuit against

19  Safeco, alleging claims for breach of contract and bad faith.

20

21  **C.**    **Good Cause Exists for the Issuance of a Protective Order to Protect**

22        **Proprietary, Confidential, Business-Sensitive Information.**

23        Based on discovery requests to date, and the conference of counsel

24  under Rule 26(f), discovery in this action will involve trade secrets, and other

25  commercial, financial, and/or proprietary information, as well as personal medical

26  information, for which protection from public disclosure and from use for any

27  purpose other than the prosecution and defense of this action is warranted. Such

28  confidential and proprietary materials and information consist of, among other

           STIPULATED PROTECTIVE ORDER

1   things:  (i) confidential information regarding employee training; (ii) confidential

2   and proprietary information regarding business practices, policies and procedures;

3   (iii) confidential information regarding personal medical issues; and (iv) information

4   which may otherwise be privileged or protected from disclosure under state or

5   federal statutes, court rules, case decisions, or common law.

6       By way of example, Plaintiffs have requested documents regarding:

7   (i) Safeco's training materials used by adjusters who handled the claim; (ii) Safeco's

8   claims handling policies and procedures in use at the time of the claim; (iii) Safeco's

9   claim file documents, which include medical and other personal information;

10  (iv) communications pertaining to the claim, and (v) Safeco's setting of reserves on

11  the claim.  These requests seek information that Safeco contends is confidential, and

12  disclosure without a Protective Order places Safeco at risk of substantial

13  competitive and/or financial harm.

14      Accordingly, to expedite the flow of information, to facilitate the

15  prompt resolution of disputes over confidentiality of discovery materials, to

16  adequately protect information the parties are entitled to keep confidential, to ensure

17  that the parties are permitted reasonable necessary uses of such material in

18  preparation for and in the conduct of trial, to address their handling at the end of the

19  litigation, and serve the ends of justice, a protective order for such information is

20  justified in this matter.  The parties intend that information will not be designated as

21  confidential for tactical reasons and that nothing be so designated without a good

22  faith belief that it has been maintained in a confidential, non-public manner, and

23  there is good cause why it should not be part of the public record of this case.

24

25

26

27

28

## II.

## STIPULATED PROTECTIVE ORDER

    **A.**   **Definitions**.  The following definitions apply to terms used in this Protective Order.

       1.   <u>Lawsuit</u>:  This pending lawsuit.

       2.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

       3.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

       4.   <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

       5.   <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

       6.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

       7.   <u>Expert</u>:  Any person with specialized knowledge or experience in a matter pertinent to this Lawsuit who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Lawsuit.

       8.   <u>In-House Counsel</u>:  Attorneys who are employees of a Party to this Lawsuit.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

       9.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Lawsuit.

10.   Outside Counsel of Record:  Attorneys who are not employees of a Party to this Lawsuit, but are retained to represent or advise a Party to this Lawsuit and have appeared in this Lawsuit on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

11.   Party:  Any party to this Lawsuit, including all of his/her/its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (including support staff).

12.   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Lawsuit.

13.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

15.   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**B.   Scope.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a Party or its Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

1    **C.    Duration.**

2    Even after final disposition of this Lawsuit, the confidentiality

3    obligations imposed by this Order shall remain in effect until a Designating Party

4    agrees otherwise in writing or a court order otherwise directs.  Final disposition shall

5    be deemed to be the later of (1) dismissal of all claims and defenses in this Lawsuit,

6    with or without prejudice and (2) final judgment herein after the completion and

7    exhaustion of all appeals, rehearings, remands, trials, or reviews of this Lawsuit,

8    including the time limits for filing any motions or applications for extension of time

9    pursuant to applicable law.

10

11   **D.    Designating Protected Material.**

12   1.    Exercise of Restraint and Care in Designating Material for

13   Protection. Each Party or Non-Party that designates information or items for

14   protection under this Order must take care to limit any such designation to specific

15   material that qualifies under the appropriate standards.  The Designating Party must

16   designate for protection only those parts of material, documents, items, or oral or

17   written communications that qualify so that other portions of the material,

18   documents, items, or communications for which protection is not warranted are not

19   swept unjustifiably within the ambit of this Order.

20   Mass, indiscriminate, or routinized designations are prohibited.

21   Designations that are shown to be clearly unjustified or that have been made for an

22   improper purpose (e.g., to unnecessarily encumber the case development process or

23   to impose unnecessary expenses and burdens on other parties) may expose the

24   Designating Party to sanctions.

25   If it comes to a Designating Party's attention that information or items

26   designated for protection do not qualify for protection, that Designating Party must

27   promptly notify all other Parties that it is withdrawing the inapplicable designation.

28

1        2.    <u>Manner and Timing of Designations</u>.  Except as otherwise

2  provided in this Order, or as otherwise stipulated or ordered, Disclosure or

3  Discovery Material that qualifies for protection under this Order must be clearly so

4  designated before the material is disclosed or produced.  Designation in conformity

5  with this Order requires:

6        a.    For information in paper or electronic documentary form,

7  the Producing Party shall affix the legend - - "CONFIDENTIAL" (hereinafter

8  "CONFIDENTIAL legend") - - to each page that contains protected material.  If

9  only a portion or portions of the material on a page qualifies for protection, the

10  Producing Party must clearly identify the protected portion(s) by, for example,

11  making appropriate markings in the margins.

12        A Party or Non-Party that makes original documents available for

13  inspection need not designate them for protection until after the inspecting Party has

14  indicated which documents it would like copied and produced.  During the

15  inspection and before the designation, all of the material made available for

16  inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

17  identified the documents it wants copied and produced, the Producing Party must

18  determine which documents, or portions thereof, qualify for protection under this

19  Order.  Then, before producing the specified documents, the Producing Party must

20  affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

21  If only a portion or portions of the material on a page qualifies for protection, the

22  Producing Party also must clearly identify the protected portion(s) (e.g., by making

23  appropriate markings in the margins).

24        b.    For testimony given in depositions, the Designating Party

25  shall identify all Protected Material either (i) on the record, before the close of the

26  deposition, or (ii) as soon as reasonably practicable after receipt of the transcript, by

27  marking the Protected Material in accordance with subparagraph a. above and

28

1  notifying any other party and/or recipient of any copy of the transcript about the

2  designations made.

3          c.    For tangible items, or information produced in some form

4  other than documentary, that the Producing Party affix in a prominent place on the

5  exterior of the container or containers in which the information is stored the legend

6  "CONFIDENTIAL." If only a portion or portions of the information warrants

7  protection, the Producing Party, to the extent practicable, shall identify the protected

8  portion(s).

9          3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an

10  inadvertent failure to designate Protected Material does not, standing alone, waive

11  the Designating Party's right to secure protection under this Order.  Upon timely

12  correction of a designation, the Receiving Party must make reasonable efforts to

13  assure that such Protected Material is treated in accordance with the provisions of

14  this Order.

15

16  **E.**    **<u>Challenging Confidentiality Designations</u>.**

17          1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20          2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the

21  dispute resolution process under Local Rule 37.1 et seq.

22          3.    The burden of persuasion in any such challenge proceeding shall

23  be on the Designating Party.  Frivolous challenges, and those made for an improper

24  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

25  parties) may expose the Challenging Party to sanctions.  Unless the Designating

26  Party has waived or withdrawn the confidentiality designation, all parties shall

27  continue to afford the Protected Material in question the level of protection to which

28

it is entitled under the Producing Party's designation until the Court rules on the challenge.

**F.** **Access to and Use of Protected Material.**

1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Lawsuit only for prosecuting, defending, or attempting to settle this Lawsuit. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Lawsuit has been terminated, a Receiving Party must comply with the provisions of Section L below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

a. the Receiving Party's Outside Counsel of Record in this Lawsuit, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Lawsuit;

b. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Lawsuit;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Lawsuit and who have signed the "Acknowledgment and Agreement to Be Bound" ("Acknowledgement Form") attached as Exhibit A to this Stipulated Protective Order;

d. the Court and its personnel;

-10-

1                e.     Court reporters and their staff;

2                f.     professional jury or trial consultants, mock jurors, and

3 Professional Vendors to whom disclosure is reasonably necessary for this Lawsuit

4 and who have signed a copy of the Acknowledgment Form;

5                g.     the author or recipient of a document containing the

6 Protected Material or a custodian or other person who otherwise possessed or knew

7 the Protected Material;

8                h.     during their depositions, witnesses, and attorneys for

9 witnesses, in the Lawsuit to whom disclosure is reasonably necessary provided:

10 (1) the deposing party requests that the witness sign the Acknowledgement Form;

11 and (2) they will not be permitted to keep any Protected Material unless they sign

12 the Acknowledgement Form, or unless otherwise agreed by the Designating Party or

13 ordered by the court.  Pages of transcribed deposition testimony or exhibits to

14 depositions that reveal Protected Material may be separately bound by the court

15 reporter and may not be disclosed to anyone except as permitted under this

16 Stipulated Protective Order; and

17              i.     any mediator or settlement officer, and their supporting

18 personnel, mutually agreed upon by any of the parties engaged in settlement

19 discussions.

20

21     **G.**    **Protected Material Subpoenaed or Ordered Produced in Other**

22           **Litigation.**

23          If a Party is served with a subpoena or a court order issued in other

24 litigation that compels disclosure of any Protected Material, that Party must:

25             a.     promptly notify in writing the Designating Party.  Such

26 notification shall include a copy of the subpoena or court order;

27             b.     promptly notify in writing the party who caused the

28 subpoena or order to issue in the other litigation that some or all of the material

1  covered by the subpoena or order is subject to this Protective Order.  Such

2  notification shall include a copy of this Stipulated Protective Order; and

3          c.     cooperate with respect to all reasonable procedures sought

4  to be pursued by the Designating Party whose Protected Material may be affected.

5  If the Designating Party timely seeks a protective order, the Party served with the

6  subpoena or court order shall not produce any Protected Material before a

7  determination by the court from which the subpoena or order issued, unless the

8  Party has obtained the Designating Party's permission.  The Designating Party shall

9  bear the burden and expense of seeking protection in that court of its Protected

10  Material and nothing in these provisions should be construed as authorizing or

11  encouraging a Receiving Party in this Lawsuit to disobey a lawful directive from

12  another court.

13

14  **H.**    **Non-Party Protected Material Sought in This Lawsuit.**

15         1.     The terms of this Order are applicable to information produced

16  by a Non-Party in this Lawsuit and designated as "CONFIDENTIAL." Such

17  Protected Material produced by Non-Parties in connection with this litigation is

18  protected by the remedies and relief provided by this Order.  Nothing in these

19  provisions should be construed as prohibiting a Non-Party from seeking additional

20  protections.

21         2.     In the event that a Party is required, by a valid discovery request,

22  to produce a Non-Party's Protected Material in its possession, and the Party is

23  subject to an agreement with the Non-Party not to produce the Non-Party's

24  Protected Material, then the Party shall:

25          a.     promptly notify in writing the Requesting Party and the

26  Non-Party that some or all of the information requested is subject to a

27  confidentiality agreement with a Non-Party;

28

-12-

b.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Lawsuit, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the Non-Party, if requested.

3.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**I.    Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment Form.

**J.    Inadvertent Production of Privileged or Protected Material.**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

-13-

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in any e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### K. **Miscellaneous.**

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### L. **Violations.**

Any violation of this Order may be punished by any and all appropriate measures, including contempt proceedings and/or monetary sanctions.

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

2

3    Dated:  October 25, 2017

4                                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5
                                                   By _____
6                                                           */s/ David Dworsky*
                                                          FRANK FALZETTA
7                                                         DAVID DWORSKY
                                                        Attorneys for Defendant
8                                                   SAFECO INSURANCE COMPANY
9                                                           OF AMERICA

10   Dated:  October 25, 2017

11
                                                   PARRIS LAW FIRM
12
                                                   By _____
13                                                          */s/ Daniel Eli*
                                                        JASON P. FOWLER
14                                                        DANIEL ELI
                                                        Attorneys for Plaintiffs
15                                                  CANDICE BRUNELLE and SEAN BRUNELLE
16

17

18                               **ATTESTATION**

19            Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all

20   signatories listed above, and on whose behalf this filing is submitted, concur in the

21   filing's content and have authorized the filing.

22            Executed this 25th day of October, 2017 at Los Angeles, California.

23

24                                                 By _____
                                                            */s/ David Dworsky*
25   ┌─────────────────────────────┐                       DAVID DWORSKY
     │ IT IS SO ORDERED.           │
26   │ DATED: 10/30/2017           │
     │                             │
27   │ *Alicia G. Rosenberg*       │
     │                             │
28   │ UNITED STATES MAGISTRATE JUDGE │
     └─────────────────────────────┘

SMRH:484379934.2                                    STIPULATED PROTECTIVE ORDER